UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAROSHA D. STARK,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GUADALUPE GOMEZ and EVANGELINA SEPULBEDA NAVARRO,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-00857-MMD-GWF<br><br>ORDER |

　　　　This case comes before this Court through Defendants Guadalupe Gomez and Evangelina Sepulveda Navarro's Notice of Removal. (Dkt. no. 1.) Plaintiff Larosha D. Stark filed this action on February 27, 2013, in state court in Clark County, Nevada, after an alleged automobile accident on March 4, 2011, between the parties.

　　　　On May 15, 2013, Defendants removed the suit to this Court pursuant to 28 U.S.C. § 1332. (*See* dkt. no. 1.) Based on the Court's review of the petition, questions exist as to whether the Court has jurisdiction to hear this claim, and whether the removal was defective. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"). The Complaint seeks damages in excess of $10,000.00. Defendants claim this case is nevertheless removable because Stark made a demand of $300,000.00, equal to Defendants' insurance policy limits. (*See* dkt. no. 1 at ¶ 7.) Nowhere in Stark's

Complaint is such a demand alleged, and Defendants have provided no evidence supporting this assertion. A defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[T]he defendant must provide *evidence* establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (emphasis added). When, as here, it is not facially apparent from the complaint whether the jurisdictional amount is in controversy, "the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Thus, in order to assure itself of its jurisdiction to preside over this Court, Defendants are ordered to provide summary-judgment-type evidence in support of their statement regarding removal due June 2, 2013. (*See* dkt. no. 3.)

The Court also notes that the removal notice was filed more than 30 days after Stark filed her Complaint. Removal is proper to federal court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Defendants' Notice states in a conclusory fashion that it is timely, but does not provide any statement explaining how it complies with § 1446. As ordered by the Court in its May 15, 2013, Minute Order, Defendants are also instructed to discuss the timeliness of their removal in their statement.

IT IS SO ORDERED.

DATED THIS 30th day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE