UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAROSHA D. STARK,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GUADALUPE GOMEZ and EVANGELINA SEPULBEDA NAVARRO,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-00857-MMD-GWF<br><br>ORDER |

**I.　　SUMMARY**

Plaintiff Larosha D. Stark filed this action on February 27, 2013, in state court in Clark County, Nevada, after an alleged automobile accident on March 4, 2011, between the parties.  On May 15, 2013, Defendants removed the suit to this Court pursuant to 28 U.S.C. § 1332. (Dkt. no. 1.)

On May 30, 2013, the Court ordered Defendants to show cause as to why this case should not be remanded for lack of subject matter jurisdiction. (Dkt. no. 7.) Defendants responded on May 31, 2013. (Dkt. nos. 8, 9.) After reviewing Defendants' responses, the Court holds that Defendants failed to meet their burden to demonstrate that the amount-in-controversy more likely than not exceeds $75,000.

**II.　　LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A

suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000 or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In determining what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorneys' fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (*citing Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).

///

## III.     DISCUSSION

Defendants claim the amount in dispute in this case meets the statutory requirement for the Court to exercise jurisdiction. However, Defendants' arguments are premised more on speculation than on a specific showing of a disputed amount over $75,000. Against this backdrop, the Court is mindful that it "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowderkmilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

Defendants represent without demonstrating that Plaintiff seeks between $80,000 and $90,000 for costs associated with her treatment. To substantiate this claim, Defendants present a demand letter from Plaintiff's counsel that itemizes Plaintiff's medical damages, which add up to $23,336.88 to date. This schedule does not include the costs associated with five schedule entries which appear to be related to ongoing medical procedures; the letter lists the costs associated with these as-yet-undetermined procedures as "TBD." In their responses, Defendants attempt to valuate the cost of these procedures through speculation, unsupported by any documentary evidence, affidavit, or medical standard. No basis for these estimates is provided, nor any demonstration that such procedures are likely to be performed on Plaintiff. The Court is left to guess whether Plaintiff is in fact receiving such care, whether she intends to perform these procedures, and what such procedures ordinarily cost.

As explained in the Court's Order to Show Cause, a demonstration of subject matter jurisdiction requires "summary judgment-type" evidence, not a party's unsupported assertion of estimated costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Defendants need to overcome a "strong presumption" against removal jurisdiction. *See Gaus*, 980 F.2d at 567. The Court must therefore be provided with the tools necessary to evaluate whether Defendants have met their burden, and must do so as part of its continual duty to establish its own jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

///

Based on the record before it, the Court holds that it does not have jurisdiction to hear this claim.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that this case be REMANDED consistent with this opinion. The Clerk shall close this case.

IT IS SO ORDERED.

DATED THIS 14th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE